1 | **LAW OFFICES OF DALE K. GALIPO**
2 | Dale K. Galipo, Esq. (SBN 144074)
   | dalekgalipo@yahoo.com
3 | Marcel F. Sincich, Esq. (SBN 319508)
   | msincich@galipolaw.com
4 | 21800 Burbank Boulevard, Suite 310
   | Woodland Hills, CA 91367
5 | Phone: (818) 347-3333
   | Fax: (818) 347-4118
6 |
   | *Attorneys for Plaintiffs*,
7 | Ali Mohammadinia, Arya Nia,
   | Rose Nia and Khatareh Houshmandian
8 |
9 |
10 | **UNITED STATES DISTRICT COURT**
11 | **CENTRAL DISTRICT OF CALIFORNIA**
12 |

| | |
|---|---|
| ALI MOHAMMADINIA; ARYA NIA; ROSE NIA; and KHATAREH HOUSHMANDIAN; each individually and on behalf of decedent MOHAMMAD MOHAMMADINIA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BREA; RICHARD WILDMAN; JOSEPH MIRAGLIA; CONNOR SPENCER; RYAN CARDENAS; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 8:25-cv-02361<br><br>**COMPLAINT FOR DAMAGES**<br><br><u>Pursuant to 42 U.S.C. §1983</u>:<br>1. Fourth Amendment (Excessive Force)<br>2. Fourteenth Amendment (Interference with Familial Relationship)<br>3. Municipal Liability (Failure to Train)<br>4. Municipal Liability (Unconstitutional Custom, Practice, or Policy)<br><br><u>Pursuant to State Law</u>:<br>5. Battery (Survival/Wrongful Death)<br>6. Negligence (Survival/Wrongful Death)<br>7. Violation of the Bane Act<br><br>**DEMAND FOR JURY TRIAL** |

1

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs ALI MOHAMMADINIA; ARYA NIA; ROSE NIA (the surviving children of Decedent), and KHATAREH HOUSHMANDIAN (the surviving wife of Decedent), each individually and on behalf of Decedent MOHAMMAD MOHAMMADINIA ("DECEDENT") for their Complaint for Damages against Defendants CITY OF BREA; RICHARD WILDMAN (supervisor, less-lethal and lethal force); JOSEPH MIRAGLIA (less-lethal force); CONNOR SPENCER (less-lethal force); RYAN CARDENAS (less-lethal force), and DOES 1-10, inclusive, and hereby alleges as follows:

## INTRODUCTION

1.    This civil rights action arises out of the violation of both Federal and State Law including the use of excessive and unreasonable force against MOHAMMAD MOHAMMADINIA ("MOHAMMADINIA"), deceased, by CITY OF BREA Police Department ("BPD") Officers RICHARD WILDMAN ("WILDMAN"); JOSEPH MIRAGLIA ("MIRAGLIA"); CONNOR SPENCER ("SPENCER"); RYAN CARDENAS ("CARDENAS") on November 28, 2024, at approximately 4:42 p.m., in the County of Orange, California.

2.    Decedent MOHAMMADINIA suffered serious bodily injury and death, as a direct and proximate result of the actions and inactions of Defendants CITY, WILDMAN, MIRAGLIA, SPENCER, CARDENAS, and DOES 1-10, inclusive. Defendants CITY, WILDMAN, MIRAGLIA, SPENCER, CARDENAS, and DOES 1-10, inclusive are directly liable for their nonfeasance and malfeasance and for Decedent's and Plaintiffs' injuries, harm, and damages under federal law pursuant to 42 U.S.C. §1983 and under state law pursuant to Cal. Govt. Code §§820, 820.4, 820.8, and 821.8, Cal. Civ. Code §52.1, and Cal. Code. of Civ. Pro. §§377.20, 377.30, 377.34, 377.60, 377.61, and 1021.5. Defendant CITY is directly liable for its conduct

pursuant to 42 U.S.C. §1983 pursuant to *Monell* and vicariously liable for the acts and omissions and for the nonfeasance and malfeasance of BPD Officers, including Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-10 (collectively "Defendant Officers"), inclusive, pursuant to Cal. Govt. Code §§820(a), 815.2(a), and 815.6.

3.    Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive, caused various injuries herein directly, or by integrally participating or failing to intervene in the incident, and by engaging in other acts and/or omissions around the time of the incident. Specifically, Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive, escalated the situation when they wrongfully seized Decedent, used unreasonable vehicle intervention techniques against Decedent, and repeatedly used force and shot Decedent while he was not an immediate threat of death or serious bodily injury to any person, causing his death.

4.    Defendants CITY and DOES 9-10, inclusive, also caused various injuries and are liable under federal law and under the principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

5.    Plaintiffs seek compensatory damages from Defendants for violating various rights under the United States Constitution in connection with their use of excessive and unreasonable deadly force. Plaintiff seeks punitive damages from Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS, and DOES 1-10 only, and not Defendant CITY.

## JURISDICTION AND VENUE

6.    The Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

PLAINTIFF'S COMPLAINT FOR DAMAGES

7.     This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. §1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.     Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred within this district.

9.     On or around April 18, 2025, Plaintiffs served their comprehensive and timely claims for damages on their own behalf and on behalf of Decedent with the CITY pursuant to applicable sections of the California Government Code.

10.     On April 23, 2025, Defendant CITY served its letters of rejection of Plaintiffs' and Decedent's claims.

## PARTIES

11.     Decedent MOHAMMAD MOHAMMADINIA ("Decedent" and/or "MOHAMMADINIA") is the 57-year-old, Kuwait-born male, Decedent in this action. Decedent MOHAMMADINIA died on November 28, 2024. At all relevant times, Decedent was an individual residing in the County of Orange, California.

12.     At all relevant times, Plaintiff KHATAREH HOUSHMANDIAN ("HOUSHMANDIAN") is and was an individual residing in the County of Orange, California. Plaintiff HOUSHMANDIAN is the surviving wife of Decedent MOHAMMADINIA and sues in her individual capacity for wrongful death and survival damages under state and federal law. Plaintiff HOUSHMANDIAN is Decedent's successor-in-interest pursuant to California Code of Civil Procedure §§377.30 and 377.60.

13.     At all relevant times, Plaintiff ALI MOHAMMADINIA ("ALI MOHAMMADINIA") is and was an individual residing in the County of

Orange, California. Plaintiff ALI MOHAMMADINIA is the natural son of Decedent MOHAMMADINIA and sues in his individual capacity for wrongful death and survival damages under state and federal law. Plaintiff ALI MOHAMMADINIA is Decedent's successor-in-interest pursuant to California Code of Civil Procedure §§377.30 and 377.60.

14.    At all relevant times, Plaintiff ARYA NIA ("ARYA NIA") is and was an individual residing in the County of Orange, California. Plaintiff ARYA NIA is the natural daughter of Decedent MOHAMMADINIA and sues in her individual capacity for wrongful death and survival damages under state and federal law. Plaintiff ARYA NIA is Decedent's successor-in-interest pursuant to California Code of Civil Procedure §§377.30 and 377.60.

15.    At all relevant times, Plaintiff ROSE NIA ("ROSE NIA") is and was an individual residing in the County of Orange, California. Plaintiff ROSE NIA is the natural daughter of Decedent MOHAMMADINIA and sues in her individual capacity for wrongful death and survival damages under state and federal law. Plaintiff ROSE NIA is Decedent's successor-in-interest pursuant to California Code of Civil Procedure §§377.30 and 377.60.

16.    Defendant CITY OF BREA ("CITY") is a political subdivision of the State of California that is within this judicial district. Defendant CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the CITY OF BREA Police Department ("BPD") and its agents and employees. At all relevant times, Defendant CITY was responsible for assuring those actions, omissions, policies, procedures, practices, and customs of the Defendant CITY, BPD, and its employees and agents complied with the laws of the United States and the State of California. At all relevant times, Defendant CITY was the employer of Defendants Richard Wildman, Joseph Miraglia, Connor Spencer, Ryan Cardenas and DOES 1-10..

PLAINTIFF'S COMPLAINT FOR DAMAGES

17.    Defendant RICHARD WILDMAN ("WILDMAN") was and is a Sergeant with the BPD. Defendant WILDMAN proximately caused Plaintiffs' and Decedent's injuries by unreasonably stopping Decedent, escalating the situation, using unreasonable vehicle intervention techniques, use of force, fatally shooting, failing to intervene, or integrally participating in the shooting of Decedent. At all relevant times, Defendant WILDMAN was acting under the color of law within the course and scope of his duties as an officer working for the BPD. At all relevant times, Defendant WILDMAN acted with complete authority and ratification of his principal, Defendant CITY.

18.    Defendant JOSEPH MIRAGLIA ("MIRAGLIA") was and is an officer with the BPD. Defendant MIRAGLIA proximately caused Plaintiffs' and Decedent's injuries by unreasonably stopping Decedent, escalating the situation, using unreasonable vehicle intervention techniques, use of force, failing to intervene, or integrally participating in the shooting of Decedent. At all relevant times, Defendant MIRAGLIA was acting under the color of law within the course and scope of his duties as an officer working for the BPD. At all relevant times, Defendant MIRAGLIA acted with complete authority and ratification of his principal, Defendant CITY.

19.    Defendant CONNOR SPENCER ("SPENCER") was and is an officer with the BPD. Defendant SPENCER proximately caused Plaintiffs' and Decedent's injuries by unreasonably stopping Decedent, escalating the situation, using unreasonable vehicle intervention techniques, use of force, failing to intervene, or integrally participating in the shooting of Decedent. At all relevant times, Defendant SPENCER was acting under the color of law within the course and scope of his duties as an officer working for the BPD. At all relevant times, Defendant SPENCER acted with complete authority and ratification of his principal, Defendant CITY.

PLAINTIFF'S COMPLAINT FOR DAMAGES

20.     Defendant RYAN CARDENAS ("CARDENAS") was and is an officer with the BPD. Defendant CARDENAS proximately caused Plaintiffs' and Decedent's injuries by unreasonably stopping Decedent, escalating the situation, using unreasonable vehicle intervention techniques, use of force, failing to intervene, or integrally participating in the shooting of Decedent. At all relevant times, Defendant CARDENAS was acting under the color of law within the course and scope of his duties as an officer working for the BPD. At all relevant times, Defendant CARDENAS acted with complete authority and ratification of his principal, Defendant CITY.

21.     At all relevant times, Defendants DOES 1-7, inclusive ("Officer DOES"), were duly appointed BPD officers, sergeants, lieutenants, officials, employees and/or agents of Defendant CITY (regardless of rank or title), subject to the oversight and supervision by Defendant CITY'S elected and non-elected officials and acted within the course and scope of their employment and under color of law, to wit, under the color of statutes, ordinances, regulations, policies, customs, and usage of Defendant CITY, BPD, and under color of the statutes and regulations of the State of California. At all relevant times, Defendant DOES 1-7 were the agents of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each Defendant. At all relevant times, DOES 1-7, inclusive, acted with the complete authority and ratification of their principal, Defendant CITY.

22.     At all relevant times, Defendants DOES 8-10, inclusive ("Supervisor DOES"), are managerial, supervisorial, or policymaking employees of the Defendant CITY who were acting under color of law within the course and scope of their duties as supervisorial officials for the BPD. Defendant DOES 8-10, inclusive, were acting with the complete authority of their principal, Defendant CITY.

PLAINTIFF'S COMPLAINT FOR DAMAGES

23.    Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1-10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend the complaint to allege the true names and capacities of those Defendants when the same has been ascertained. Plaintiffs are informed and believe, and on that basis allege, that DOES 1-10, inclusive, and each of them, are responsible in some manner for the occurrences alleged herein and proximately caused Plaintiffs' and Decedent's damages.

24.    According to information and belief, Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-10, inclusive, were at all relevant times residents of the County of Orange.

25.    Plaintiffs are informed and believe, and on that basis allege, that Defendants acted at all times mentioned herein as the actual and/or ostensible agents, employees, servants, or representatives of each other and, in doing the activities alleged herein, acted within the scope of their authority as agents and employees, and with the permission and consent of each other.

26.    Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned herein all individual Defendants, including Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-10, inclusive, acted under the color of law, statute, ordinance, regulations, customs and usages of the State of California and the Defendant CITY.

27.    Pursuant to Cal. Govt. Code §815.2(a), Defendant CITY is vicariously liable for the nonfeasance and malfeasance of the individual Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-10, inclusive, as alleged by Plaintiffs' state law claims. ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that

employee or his personal representative."). Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-10, inclusive, are liable for their nonfeasance and malfeasance pursuant to Cal. Civ. Code §820(a). Defendant CITY is also liable pursuant to Cal. Govt. Code §815.6.

28.   All Defendants who are natural persons, including Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-10, inclusive, are sued individually and/or in his/her capacity as Officers, supervisors, agents, policy makers, and representatives (regardless of rank or title) of Defendant CITY and the BPD; and punitive damages are only being requested as to these Defendants, and not Defendant CITY.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

29.   Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 28, inclusive, as if fully set forth herein.

30.   On November 28, 2024, at approximately 4:42 p.m., Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-7 ("Defendant Officers"), in multiple patrol vehicles, approached and found Decedent MOHAMMADINIA in his vehicle stopped on the side of the road.

31.   On information and belief, prior to arrival on scene, Defendant Officers, did not have reasonable suspicion to believe Decedent had committed or was about to commit a serious or violent crime, and did not have reasonable suspicion to believe that Decedent was an armed threat to the Officer or any other person. Defendant Officers also did not have probable cause to arrest Decedent as they had no information that a crime was in progress related to Decedent.

32.   Nevertheless, at or around the area of the 57 Freeway off-ramp near the 100 block of E. Lambert Road, City of Brea, California, Defendant Officers escalated the situation when they escalated the situation by approaching Decedent's vehicle aggressively, pulling on and/or opening

9

Decedent's doors, and then unreasonably using their patrol vehicles to box/pin in Decedent's vehicle.

33.    Thereafter, Defendant Officers continued to escalate the situation by breaking Decedent's window, opening Decedent's door, and using excessive and unreasonable force on Decedent.

34.    Defendant Officer MIRAGLIA used excessive and unreasonable force against Decedent, escalating the situation and contributing to his overall injuries and death, when he Tased Decedent while Decedent was not an imminent threat to any officer or person.

35.    Defendant Officer SPENCER used excessive and unreasonable force against Decedent, escalating the situation and contributing to his overall injuries and death, when he Tased Decedent while Decedent was not an imminent threat to any officer or person.

36.    Defendant Officer CARDENAS used excessive and unreasonable force against Decedent, escalating the situation and contributing to his overall injuries and death, when he deployed a 40mm less-lethal launcher on Decedent while Decedent was not an imminent threat to any officer or person.

37.    Defendant Sergeant WILDMAN used excessive and unreasonable force against Decedent, escalating the situation and contributing to his overall injuries and death, when he simultaneously deployed the Taser on Decedent while Decedent was not an imminent threat to any officer or person and then repeatedly shot Decedent with his firearm, using deadly force, while Decedent was not an imminent or immediate threat of death or serious bodily injury.

38.    Upon information and belief, Defendant Officers did not have any information that any person was harmed or about to be harmed by Decedent; had no information that Decedent had verbally threatened any person; and had no information that Decedent was armed with a gun.

PLAINTIFF'S COMPLAINT FOR DAMAGES

39.     Defendant Officers either used force, deadly force, and/or failed to intervene in the use of force against Decedent, and/or integrally participated in the use of force against Decedent, including by escalating the situation, failing to employ trained tactics, and failing to plan and communicate as trained.

40.     The use of deadly force against Decedent by Defendant Officers was unnecessary, excessive, and unreasonable under the totality of the circumstances, because no and/or inadequate verbal warnings were given to Decedent, despite it being feasible to do so; Defendants had less-intrusive options available to them; Decedent did not pose an immediate threat of death or serious bodily injury to any person or Officer at the time of the shots; and Defendants used the highest, most intrusive level of force possible.

41.     On information and belief, the conduct of the Defendant Officers, as alleged herein, including the unreasonable detention and use of excessive and unreasonable force against Decedent, was a cause and substantial factor in causing Decedent fear, anxiety, pain, suffering, serious bodily injury, and death.

42.     Further, the conduct of Defendant Officers, as alleged herein, including the unreasonable detention and use of excessive and unreasonable force against Decedent, was a cause and substantial factor in causing Plaintiffs the lifelong loss of their father and husband respectively.

43.     Upon information and belief, no Officer, including Defendants, and no person other than Plaintiffs and Decedent were harmed as a result of this incident caused by Defendants' conduct as alleged herein.

44.     The Defendant BPD Officers violated basic officer training when they used force, including deadly force against Decedent, indicating a deficiency in their policies and training for such a serious public issue.

## DAMAGES

45.    As a direct and proximate result of the intentional conduct, negligent conduct, reckless disregard, deliberate indifference and otherwise wrongful conduct of Defendants, Plaintiffs have suffered and continue to suffer the lifelong loss of their father and husband, respectively, resulting in Plaintiffs' economic and non-economic damage including for the past and future loss of Decedent's love, companionship, comfort, care, assistance, attention, protection, affection, society, moral support, instruction, training, advice, guidance, gifts or benefits, funeral and burial expenses, loss of consortium, household services, and future financial support in amounts to be proven at the time of trial (hereinafter called "wrongful death damages").

46.    As a direct and proximate result of the intentional conduct, negligent conduct, reckless disregard, deliberate indifference and otherwise wrongful conduct of Defendants, Decedent endured severe pre-death pain and suffering, loss of life, and loss of opportunity and enjoyment of life, for which Plaintiffs bring and can recover as the successors in interest to Decedent MOHAMMADINIA (hereinafter called "survival damages").

47.    The conduct of the individual Defendant Officers was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and Decedent in that Plaintiffs' and Decedent's constitutional rights were intentionally deprived and violated, and/or there was reckless disregard for the constitutional rights of Plaintiffs and Decedent. As such, their conduct as alleged herein entitles Plaintiffs and Decedent, an award of exemplary and punitive damages from the individual Defendants. Plaintiffs bring no action for punitive damages against Defendant CITY.

48.    Pursuant to 42 U.S.C. §1988(b), Plaintiffs and Decedent are entitled to recover reasonable attorney fees, costs, and interests incurred herein. Pursuant to Cal. Civ. Code §52.1, Plaintiffs and Decedent are entitled

1  to recover civil penalty, costs, and reasonable attorney fees including treble

2  damages. Pursuant to Cal. Code of Civ. Pro. §1021.5, Plaintiffs seek

3  reasonable attorneys' fees.

4  **FIRST CLAIM FOR RELIEF**

5  **Violation of the Fourth Amendment—Unreasonable Search and Seizure—**

6  **Excessive Force (42 U.S.C. §1983)**

7  (By Plaintiffs against Defendant Officers)

8  49.   Plaintiffs repeat and re-allege each and every allegation of

9  paragraphs 1 through 48, inclusive, as if fully set forth herein.

10  50.   At all relevant times Defendants WILDMAN, MIRAGLIA,

11  SPENCER, CARDENAS and DOES 1-8, inclusive acted under the color of

12  state law and within the course and scope of their employment with Defendant

13  CITY.

14  51.   The Fourth Amendment of the United States Constitution, as

15  applied to State Actors by the Fourteenth Amendment, provides the right of

16  every person to be free from the use of excessive force by Officers.

17  52.   At all relevant times, Decedent did not verbally threaten any

18  Officer or person and was not attempting to inflict harm on any Officer or

19  person. Defendants were not responding to a serious or violent crime,

20  Defendants had no information that any person was harmed or that Decedent

21  had harmed any person, and Defendants did not see a crime in progress upon

22  arrival. Nevertheless, Defendants WILDMAN, MIRAGLIA, SPENCER,

23  CARDENAS and DOES 1-8, inclusive, used force, including deadly force,

24  against Decedent, including by using their vehicles to box in, pin in, and/or

25  strike Decedent's vehicle and by repeatedly shooting Decedent with less-lethal

26  and deadly force and causing his injury, harm, and death.

27  53.   Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS

28  and DOES 1-8, inclusive, used force, including deadly force against Decedent,

1    while no Officer or person was about to be struck or run over by the vehicle,

2    Decedent was not an immediate threat to the safety of others or the Defendant

3    Officers, was not an immediate threat of death or serious bodily injury to

4    others or Defendant Officers, no deadly force warning was given that force

5    would be used, and there were several less-intrusive alternatives to the use of

6    deadly force available to the BPD Officers at the time.

7        54.    The BPD Officers were equipped with less-intrusive options that

8    could have been employed instead of resorting to such extreme force. Further,

9    the BPD Officers should have given the Decedent time to comply after less-

10   lethal force was used instead of escalating the situation to using deadly force.

11   BPD Officers are trained that they should consider the least intrusive force

12   option, and to only use deadly force when necessary to prevent an immediate

13   threat to the life of a person. The BPD Officers had the time and ability to

14   attempt voluntary compliance without resorting to physical force through de-

15   escalation and tactical communication but failed to do so.

16       55.    Upon information and belief, the BPD Officers had the

17   opportunity to provide a verbal warning to Decedent but failed to do so prior

18   to the use of deadly force against Decedent. This shooting violated BPD

19   Officer training and standard law enforcement training, including violating

20   training with respect to the use of deadly force and with respect to the shooting

21   of a motor vehicle and its occupant.

22       56.    Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS

23   and DOES 1-8, inclusive, caused various injuries as mentioned herein by

24   integrally participating or failing to intervene in the incident, and by engaging

25   in other acts and/or omissions around the time of the incident. Defendants'

26   acts and omissions deprived Decedent of his right to be secure in his person

27   against unreasonable searches and seizures as guaranteed to Decedent under

28

the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

57.    As a direct result of the aforesaid acts and omissions of Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive, Decedent MOHAMMADINIA suffered great physical and mental injury prior to his death, loss of life, and loss of enjoyment of life.

58.    The conduct of Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive, alleged above was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent and warrants the imposition of exemplary and punitive damages in an amount according to proof.

59.    Plaintiffs seek survival damages, including but not limited to Decedent's pre-death pain and suffering, loss of life, and loss of enjoyment of life, under this claim. Plaintiffs also seek reasonable attorneys' fees and costs under this claim.

## SECOND CLAIM FOR RELIEF

**Violation of the Fourteenth Amendment—Substantive Due Process— Interference with Familial Relationship (42 U.S.C. §1983)**

(By Plaintiffs against Defendant Officers)

60.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61.    At all relevant times Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant CITY.

62. The Substantive Due Process Clause of the Fourteenth Amendment to the United States Constitution guarantees all persons the right to be free from unlawful state interference with their familial relations.

63. Children and spouses, such as Plaintiffs, have a fundamental liberty interest in the companionship and society of their father and husband, respectively, and the state's interference with that liberty interest without due process of law is remediable under 42 U.S.C. §1983. *See Lee v. County of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001); *Kelson v. County of Springfield*, 767 F.2d 651, 654-55 (9th Cir. 1985).

64. Plaintiffs and Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiffs' relationship with Decedent MOHAMMADINIA.

65. By engaging in the conduct alleged herein, Defendants deprived Plaintiffs of their right to a familial relationship with Decedent in such a manner as to shock the conscience, including by unlawfully seizing Decedent, and using excessive force against Decedent as alleged herein, which caused Decedent's death and Plaintiffs' life-long loss. This conduct violated Plaintiffs' and Decedent's rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution.

66. Defendant Officers intentionally shot, and/or failed to intervene in the intentional shooting of Decedent, causing his death, when he was not an immediate threat of death or serious bodily injury to any person at the time. Upon information and belief, Defendants failed to give Decedent a verbal warning before they used deadly force against him and took his life. There were less-intrusive means available to the BPD Officers besides the use of

16

deadly force, including de-escalation and tactical communication to attempt voluntary compliance, and upon information and belief, the BPD Officers failed to deploy these less-intrusive techniques and/or failed to allow Decedent the time to comply thereafter.

67. By engaging in the foregoing conduct, Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8 were integral participants and acted with deliberate indifference to the constitutional rights of Decedent and Plaintiff, and with the purpose to harm unrelated to any legitimate law enforcement objective. Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8 are liable to Plaintiff and Decedent for the interference with their familial relationship.

68. As a result of their misconduct, Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8 are liable to Plaintiff, either because they were integral participants in the deliberate indifference to Plaintiff's rights, or because they failed to intervene to prevent the denial of Plaintiff's rights.

69. As a direct and proximate result of the wrongful conduct of Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, Plaintiff has been deprived of the lifelong love, companionship, comfort, support, society, care, and sustenance of Decedent MOHAMMADINIA, and will continue to be so deprived for the remainder of her natural life. Further, Decedent MOHAMMADINIA suffered pre-death pain and suffering, loss of enjoyment of life, and loss of life.

70. The use of excessive and objectively unreasonable deadly force by Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive, as alleged above, shocks the conscience, was in deliberate indifference and reckless disregard for Decedent's and Plaintiff's rights, and displayed a purpose to harm Decedent unrelated to a legitimate law

17

enforcement objective. In so doing, Defendants' conduct constitutes a violation of Plaintiffs' and Decedent's Fourteenth Amendment Substantive Due Process right to be free from unlawful state interference with their familial relationship with their father and husband, respectively.

71.    Defendants' conduct was malicious, oppressive and in reckless disregard for the rights and safety of Decedent and Plaintiffs and warrants the imposition of exemplary and punitive damages as to Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive.

72.    As a direct result of the death of Decedent, Plaintiffs have suffered the loss of Decedent's love, care, comfort, society, companionship, assistance, protection, affection, moral support, financial support, and loss of services of Decedent. Plaintiffs seek wrongful death damages under this claim.

73.    Plaintiffs bring this claim in each case individually and seek wrongful death damages under this claim for their past and future loss of Decedent's love, companionship, comfort, care, assistance, attention, protection, affection, society, moral support, instruction, training, advice, guidance, gifts or benefits, funeral and burial expenses, household services, and future financial support, and punitive damages.

74.    Plaintiffs also seek attorneys' fees pursuant to 42 U.S.C. §1988 and costs of suit.

## THIRD CLAIM FOR RELIEF

### Unconstitutional Custom, Practice, or Policy (42 U.S.C. §1983)

(By Plaintiffs against Defendants CITY)

75.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 74, inclusive, as if fully set forth herein.

76.    At all relevant times Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive acted under the color of

state law and within the course and scope of their employment with Defendant CITY.

77.     Defendant Officers intentionally shot and killed Decedent without there being an immediate threat of death or serious bodily injury, thereby using excessive and unreasonable force against Decedent. At all relevant times no person was about to be struck or harmed by Decedent, the BPD Officers were not responding to a serious or violent crime, had no information that a crime was in progress when the BPD Officers arrived, Decedent did not verbally threaten any person or Officer, and did not harm any person or Officer.

78.     Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive, acted pursuant to an expressly adopted or fiscal policy or longstanding practice or custom of the Defendant CITY, and DOES 9-10, inclusive.

79.     According to information and belief, Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive, were not disciplined, reprimanded, retrained, provided additional training, suspended, or otherwise penalized in connection with the deprivation of Plaintiffs' or Decedent's rights.

80.     Defendants CITY, and DOES 9-10, inclusive, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a)     Using excessive and objectively unreasonable force, including deadly force on unarmed persons who do not pose a risk of immediate death or serious bodily injury to others.

(b)     Providing inadequate training regarding the use of force, including the use of less-lethal force, and deadly force.

(c)     Employing and retaining as police officers, individuals such as Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and

19

DOES 1-8, inclusive, who upon information and belief, Defendant CITY, and DOES 9-10, inclusive, at all times material herein, knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force.

(d)     Inadequately supervising, training, controlling, assigning, and disciplining CITY law enforcement officers, and other personnel, including Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive, who CITY knew or in the exercise of reasonable care should have known, had the aforementioned propensities or character traits.

(e)     Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by law enforcement officers of the CITY.

(f)     Announcing that unjustified uses of force are "within policy," including shootings that were later determined in court to be unconstitutional.

(g)     Even where uses of force are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved.

(h)     Failing to adequately discipline CITY law enforcement officers for the above-mentioned categories of misconduct, including inadequate discipline and "slaps on the wrist," discipline that is so slight as to be out of proportion with the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct.

(i)     Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which officers do not report other

officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officer's wrongdoing.

(j)     Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of law enforcement shootings, including failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

81.     On information and belief, the CITY has deficient policies and failed to train it police officers with respect to unreasonable seizures of persons, unreasonable use of vehicle intervention techniques, and unreasonable and unjustifiable use of deadly force against individuals who do not pose an immediate threat of death or serious bodily injury to anyone person. As a result of these deficient polices and training, the Defendant Officers shot Decedent while Decedent was in vehicle, while no officer or person was about to be struck or run over by the vehicle, and while Decedent was not an immediate threat of death or serious bodily injury, resulting in the injuries claimed in this lawsuit.

82.     Defendants CITY and DOES 9-10, inclusive, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

83.    By perpetuating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendants CITY and DOES 9-10, inclusive, acted with intentional, reckless, and callous disregard for the Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by Defendants CITY and DOES 9-10, inclusive, were affirmatively linked to and were a significantly influential force behind Plaintiffs' and Decedent's injuries.

84.    The acts of each of Defendant DOES 9-10, inclusive, were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants imposition of exemplary and punitive damages as to DOES 9-10, inclusive.

85.    By reason of the aforementioned acts and omissions, and as a direct and proximate result of the aforementioned unconstitutional policies and customs, Decedent endured substantial pain and suffering, loss of enjoyment of life, and loss of life, and Plaintiffs have suffered the loss of their father and husband, respectively, and will continue to be so deprived for the remainder of their natural lives.

86.    The acts of each of Defendants DOES 9-10, inclusive, were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants imposition of exemplary and punitive damages as to Defendant DOES 9-10, inclusive.

87.    Accordingly, Defendants CITY and DOES 9-10, inclusive, each are liable for compensatory damages under 42 U.S.C. §1983.

88.    Plaintiffs bring this claim individually and as successors-in-interest to Decedent and seek both survival and wrongful death damages. Plaintiffs also seek reasonable attorneys' fees and costs under this claim.

**FOURTH CLAIM FOR RELIEF**

**Failure to Train (42 U.S.C. §1983)**

(By Plaintiffs against Defendants CITY)

89.    Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 88 of this Complaint with the same force and effect as if fully set forth herein.

90.    At all relevant times Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant CITY.

91.    The acts of Defendant Officers WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive, as described herein, deprived Decedent and Plaintiffs of their particular rights under the United States Constitution, including when they unreasonably seized Decedent, and used unreasonable force, including deadly force, against Decedent without justification, causing his death.

92.    On information and belief, Defendant CITY failed to properly and adequately train BPD Officers, including Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive, to handle the usual and recurring situations with which they must deal, including with regard to the use of force and deadly force generally, use of force against a person in a vehicle, unreasonable stop of a vehicle without reasonable suspicion or probable cause, de-escalation techniques, tactical communication, and tactical positions. The training policies of Defendants CITY and DOES 9-10, inclusive, were not adequate to train its Officers to handle the usual and recurring situations with which they must deal.

93.    On information and belief, the Defendant CITY failed to train its officers not to shoot a person who is not an immediate threat of death or

23

serious bodily injury and failed to train their officers in the appropriate tactics prior to and in an effort to eliminate the use of force. As a result of this deficient policy and deficient training, the Defendant Officers shot Decedent, resulting in the injuries claimed in this lawsuit.

94.   Defendant CITY and DOES 9-10, inclusive, were deliberately indifferent to the obvious consequences of its failure to train its Officers adequately as described herein.

95.   The failure of Defendant CITY and DOES 9-10, inclusive, to provide adequate training caused the deprivation of Plaintiffs' and Decedent's rights by Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive; that is, Defendants' failure to train is so closely related to the deprivation of Plaintiffs' and Decedent's rights as to be the moving force that caused the ultimate injury.

96.   As a direct and proximate result of the aforementioned conduct, Decedent MOHAMMADINIA endured severe pain and suffering, loss of enjoyment of life, and loss of life. Further, as a direct and proximate result of the aforementioned conduct, Plaintiffs endured the loss of their father and husband, including being deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent MOHAMMADINIA, and will continue to be so deprived for the remainder of their natural lives.

97.   Accordingly, Defendant CITY and DOES 9-10, inclusive, are liable to Plaintiffs for compensatory damages under 42 U.S.C. §1983.

98.   Plaintiffs bring this claim individually and as successors-in-interest to Decedent and seek both survival and wrongful death damages. Plaintiffs also seek reasonable attorneys' fees and costs under this claim.

1

**FIFTH CLAIM FOR RELIEF**

2

**Battery (Cal. Govt. Code §§815, 820 and California Common Law)**

3

(Survival/Wrongful Death)

4

(By Plaintiffs against Defendant Officers, directly; and CITY, vicariously)

5    99.    Plaintiffs repeat and re-allege each and every allegation in

6   paragraphs 1 through 98 of this Complaint with the same force and effect as

7   if fully set forth herein.

8    100.  At all relevant times Defendants WILDMAN, MIRAGLIA,

9   SPENCER, CARDENAS and DOES 1-8, inclusive acted under the color of

10   state law and within the course and scope of their employment with Defendant

11   CITY.

12    101.  When Defendant Officers WILDMAN, MIRAGLIA, SPENCER,

13   CARDENAS and DOES 1-8, inclusive, were detaining Decedent, Decedent

14   was not threatening any person, and Decedent never verbally threatened any

15   Defendant Officers.

16    102.  Decedent was not attempting, willing, or intending to inflict harm

17   on anyone. Defendants were not responding to a serious or violent crime,

18   Defendants did not witness a crime in progress upon arrival, Defendants had

19   no information that anyone had been hurt or injured or that Decedent had hurt

20   or injured someone. Defendants WILDMAN, MIRAGLIA, SPENCER,

21   CARDENAS and DOES 1-8, inclusive, used force against Decedent including

22   when they repeatedly shot Decedent without justification, and used

23   unreasonable vehicle intervention techniques.

24    103.  The use of force, including deadly force, was excessive and

25   objectively unreasonable, especially because throughout the incident,

26   Decedent presented no immediate threat to the safety of the officers or others,

27   including not an immediate threat of death or serious bodily injury to any

28   officer or other person. Further, Defendants' shooting, and use of force

PLAINTIFF'S COMPLAINT FOR DAMAGES

1　violated their training, standard law enforcement training, and generally
2　accepted law enforcement standards.

3　　　104.　Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS
4　and DOES 1-8, inclusive, had no legal justification for using force against
5　Decedent, and the use of force was unreasonable and non-privileged.
6　Moreover, Decedent did not knowingly or voluntarily consent to the use of
7　force against him.

8　　　105.　Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS
9　and DOES 1-8, inclusive, caused various injuries as mentioned herein and are
10　liable either because they directly harmed Decedent or by integrally
11　participating or failing to intervene in the incident, and by engaging in other
12　acts and/or omissions around the time of the incident. Defendants' acts and
13　omissions resulted in harmful and offensive touching of Decedent.

14　　　106.　As a direct and proximate result of the aforesaid acts and
15　omissions of Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS
16　and DOES 1-8, inclusive, Decedent suffered great physical and mental injury,
17　as well as fear and emotional distress related to his physical injuries, pain and
18　suffering, humiliation, anguish, and death.

19　　　107.　The conduct of Defendants WILDMAN, MIRAGLIA, SPENCER,
20　CARDENAS and DOES 1-8, inclusive, was malicious, wanton, oppressive,
21　and accomplished with a conscious disregard for the rights of Decedent,
22　entitling Plaintiffs to an award of exemplary and punitive damages, which
23　Plaintiff seeks under this claim.

24　　　108.　Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS
25　and DOES 1-8, inclusive, are directly liable for their actions and inactions
26　pursuant to Cal. Govt. Code §820(a).

27　　　109.　The Defendant CITY is vicariously liable for the wrongful acts
28　and omissions of Defendants WILDMAN, MIRAGLIA, SPENCER,

26

CARDENAS and DOES 1-8, inclusive, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

110.   Plaintiffs seek compensatory damages and bring this wrongful death claim as successor-in-interest to Decedent against Defendants and seeks survival and wrongful death damages under this claim. Plaintiffs also seek reasonable costs and funeral and burial expenses on this claim.

## SIXTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code §§815, 820 and California Common Law)

(Survival/Wrongful Death)

(By Plaintiffs against Defendant Officers, directly; and CITY, vicariously)

111.   Plaintiffs repeat and re-allege each and every allegation in paragraphs 1 through 110 of this Complaint with the same force and effect as if fully set forth herein.

112.   At all relevant times Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant CITY.

113.   Peace officers, including Defendants, have a duty to use reasonable care to prevent harm or injury to others. This duty includes but is not limited to the following: using appropriate tactics, giving appropriate commands, giving warnings, allowing time for the subject to understand and comply with appropriate commands and warnings, not using any force unless necessary, using less-intrusive options, acting objectively reasonable when using deadly force, and only using deadly force as a last resort. Defendants breached this duty of care.

114. The actions and inactions of Defendants were negligent and reckless, including but not limited to:

      a)    Defendants' failure to constitutionally respond to Decedent.

      b)    Defendants' failure to properly and adequately assess the need to stop Decedent.

      c)    Defendants' failure to properly and adequately assess the need to use vehicle intervention techniques against Decedent.

      d)    Defendants' failure to properly and adequately assess the need to use force against Decedent.

      e)    Defendants' negligent tactics and handling of the situation with Decedent, including the failure to de-escalate the situation.

      f)    Defendants' negligent use of force against Decedent.

      g)    Negligent tactics and handling of the situation with Decedent, including pre-shooting negligence and the failure to give appropriate commands and warnings.

      h)    Defendants' failure to properly train and supervise employees.

      i)    Defendants' failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of Decedent.

      j)    Defendants' failure to properly report the incident.

      k)    Defendants' failure to de-escalate the situation and use proper communication and commands.

115. As a result of their misconduct, Defendants are liable for Plaintiffs' and Decedent's harm and injuries on this claim, either because they were integral participants in the aforementioned conduct, or because they failed to intervene to prevent these violations.

116. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, Decedent sustained injuries

and died from his injuries. Also, as a direct and proximate result of Defendants' conduct as alleged herein, Plaintiffs have also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of Decedent, and will continue to be so deprived for the remainder of their natural lives.

117.  Pursuant to Cal. Gov't Code §820(a), "a public employee is liable for injury caused by his act or omission to the same extent as a private person."

118.  A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code §815.2(a). Defendant CITY is vicariously liable under California law and the doctrine of *respondeat superior*.

119.  Pursuant to Cal. Code. of Civ. Pro. §§377.20, 377.30, 377.34, Plaintiffs bring this survival action for compensation of Decedent's pre-death pain and suffering, and disfigurement, and for punitive damages.

120.  Pursuant to Cal. Code. of Civ. Pro. §§377.60, 377.61, Plaintiffs brings this wrongful death action for compensation of their past and future loss of Decedent's love, companionship, comfort, care, assistance, attention, protection, affection, society, moral support, instruction, training, advice, guidance, gifts or benefits, funeral and burial expenses, household services, and future financial support.

121.  Plaintiffs seek attorneys' fees under this claim pursuant to Cal. Code of Civ. Pro. §1021.5 for enforcement of the important rights effecting the public interest that Plaintiffs, Decedent, and those similarly situated have to a right to familial relationship without unreasonable interference and the right to be free from intimidation and physical assault.

122.  Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive, are directly liable for their actions and inactions pursuant to Cal. Govt. Code §820(a).

123.  Plaintiffs seek compensatory damages and bring this wrongful death claim as successor-in-interest to Decedent against Defendants and seeks survival and wrongful death damages under this claim. Plaintiffs also seek reasonable costs and funeral and burial expenses on this claim.

## SEVENTH CLAIM FOR RELIEF

### Violation of the Bane Act (Cal. Civil Code § 52.1)

(By Plaintiffs against Defendant Officers, directly; and CITY, vicariously)

124.  Plaintiffs repeat and re-alleges each and every allegation in paragraphs 1 through 123 of this Complaint with the same force and effect as if fully set forth herein.

125.  At all relevant times Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive acted under the color of state law and within the course and scope of their employment with Defendant CITY.

126.  California Civil Code, Section 52.1, prohibits any person, including a police officer from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion, including using unconstitutionally excessive force. Conduct that violates the Fourth Amendment, including the use of excessive force, violates the Bane Act when performed with specific intent to deprive others of their civil rights, which can be inferred by a reckless disregard for the person's civil rights.

127.  Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive, while working for the Defendant CITY and acting within the course and scope of their duties as Officers and under color of law, intentionally committed, and attempted to commit acts of violence against

30

1    Decedent, including by intentionally and repeatedly shooting Decedent and

2    otherwise using unreasonable force against Decedent. This shooting was

3    excessive and objectively unreasonable and especially reckless because

4    Decedent was not armed with a firearm, was not attempting to harm any

5    person, was not being assaultive, resistive, or attempting to flee, and Decedent

6    did not pose an immediate threat of death or serious bodily injury to any

7    person. Further, the Defendants' use of force violated basic law enforcement

8    training, and generally accepted law enforcement standards. Defendants' shot

9    and killed Decedent without any legal justification.

10       128. When Defendants WILDMAN, MIRAGLIA, SPENCER,

11    CARDENAS and DOES 1-8, inclusive, repeatedly shot Decedent while

12    Decedent was not an immediate threat of death or serious bodily injury, they

13    interfered with Decedent's constitutional right to be free from unreasonable

14    searches and seizures to equal protection of the laws, to be free from state

15    actions that shock the conscience, and to life, liberty, and property.

16       129.  On information and belief, Defendants WILDMAN, MIRAGLIA,

17    SPENCER, CARDENAS and DOES 1-8, inclusive, intentionally, and

18    spitefully committed the above acts to discourage or prevent Decedent from

19    exercising his civil rights, or from enjoying such rights, which he was and is

20    fully entitled to enjoy. Defendants WILDMAN, MIRAGLIA, SPENCER,

21    CARDENAS and DOES 1-8, inclusive, intentionally interfered with the above

22    constitutional rights of Decedent, and as alleged herein, which can be

23    demonstrated by Defendants' reckless disregard for Decedent's constitutional

24    rights.

25       130.  On information and belief, Decedent reasonably believed and

26    understood that the violent acts committed by Defendants WILDMAN,

27    MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive, were

28    intended to discourage him from exercising the above civil rights, to retaliate

1  against him for invoking such rights, or to prevent him from exercising such
2  rights.

3      131.   The   conduct   of   Defendants   WILDMAN,   MIRAGLIA,
4  SPENCER, CARDENAS and DOES 1-8, inclusive, was a substantial factor in
5  causing Decedent's harm, loss, injury, damages, and death.

6      132.   The Defendant CITY is vicariously liable for the wrongful acts of
7  Defendants WILDMAN, MIRAGLIA, SPENCER, CARDENAS and DOES 1-
8  8 pursuant to section 815.2(a) of the California Government Code, which
9  provides that a public entity is liable for the injuries caused by its employees
10  within the scope of the employment if the employee's act would subject him
11  or her to liability.

12      133.   Defendants CITY and DOES 9-10 are vicariously liable under
13  California law and the doctrine of *respondeat superior*.

14      134.   The conduct of Defendants WILDMAN, MIRAGLIA, SPENCER,
15  CARDENAS and DOES 1-8, inclusive, was malicious, wanton, oppressive,
16  and accomplished with a conscious disregard for Decedent's rights, justifying
17  an award of exemplary and punitive damages as to Defendants WILDMAN,
18  MIRAGLIA, SPENCER, CARDENAS and DOES 1-8, inclusive.

19      135.   Plaintiffs seek compensatory damages for the violations of
20  Decedent's rights, including for his pre-death pain and suffering, loss of
21  enjoyment of life, and loss of life. Plaintiffs also seek punitive damages, costs,
22  and attorney's fees under California Civil Code section 52 *et seq*. as to this
23  claim.

24  / / /

25

26

27

28

PLAINTIFF'S COMPLAINT FOR DAMAGES

1

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ALI MOHAMMADINIA; ARYA NIA; ROSE NIA (the surviving children of Decedent), and KHATAREH HOUSHMANDIAN (the surviving wife of Decedent), each individually and on behalf of Decedent MOHAMMAD MOHAMMADINIA, request entry of judgment in their favor against Defendants CITY OF BREA; RICHARD WILDMAN; JOSEPH MIRAGLIA; CONNOR SPENCER; RYAN CARDENAS; and DOES 1-10, inclusive, as follows:

1.    For general and special compensatory damages, according to proof at trial, under Federal and State law.

2.    For punitive and exemplary damages against the individual Defendants in an amount to be proven at trial.

3.    For statutory damages and civil penalties.

4.    For reasonable attorneys' fees including litigation expenses and treble damages under Federal and State law.

5.    For costs of suit and interest incurred herein.

6.    For such further relief at law or equity as the Court or jury may deem just and appropriate.


DATED: October 17, 2025        **LAW OFFICES OF DALE K. GALIPO**

/s/    _Dale K. Galipo_
Dale K. Galipo, Esq.
Marcel F. Sincich, Esq.
_Attorneys for Plaintiffs_

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby submit this demand that this action be tried in front of a jury.

3

4

DATED: October 17, 2025                    **LAW OFFICES OF DALE K. GALIPO**

5

/s/     *Dale K. Galipo*

6

Dale K. Galipo, Esq.

7

Marcel F. Sincich, Esq.
*Attorneys for Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S COMPLAINT FOR DAMAGES