Bruce D. Praet, SBN 119430
**JONES MAYER**
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448
bpraet@aol.com

Attorney for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI MOHAMMADINIA; ARYA NIA; ROSE NIA, and KHATAREH HOUSHMANDIAN; each individually and on behalf of decedent MOHAMMAD MOHAMMADI NIA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BREA ; RICHARD WILDMAN; JOSEPH MIRAGLIA; CONNOR SPENCER; RYAN CARDENAS; and Does 1 through 10, Inclusive,<br><br>Defendants. | Case No: 8:25-cv-02361-MRA-KES<br><br>*Assigned for all Purposes to:*<br>*The Honorable: Mónica Ramirez Almadani/Magistrate: John D. Early*<br><br>*Courtroom: 9B*<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; JURY DEMAND**<br><br><br><br>First Amended Complaint<br>Filed: January 2, 2026 |

-1-
**DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT; JURY DEMAND**

COME NOW, Defendants, CITY OF BREA, RICHARD WILDMAN, JOSEPH MIRAGLIA, CONNOR SPENCER and RYAN CARDENAS (hereinafter "DEFENDANTS"), answering the First Amended Complaint for themselves alone and pursuant to *F.R.Civ.P.*, Rule 8, admit, deny and allege as follows:

1. For answer to paragraph one, Defendants deny the allegations in said paragraph.
2. For answer to paragraph two, Defendants deny the allegations in said paragraph.
3. For answer to paragraph three, Defendants deny the allegations in said paragraph.
4. For answer to paragraph four, Defendants deny the allegations in said paragraph.
5. For answer to paragraph five, Defendants deny the allegations in said paragraph.
6. For answer to paragraph six, Defendants admit the allegations in said paragraph.
7. For answer to paragraph seven, Defendants admit the allegations in said paragraph.
8. For answer to paragraph eight, Defendants admit the allegations in said paragraph.
9. For answer to paragraph nine, Defendants admit the allegations in said paragraph.
10. For answer to paragraph ten, Defendants admit the allegations in said paragraph.
11. For answer to paragraph eleven, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.
12. For answer to paragraph twelve, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.
13. For answer to paragraph thirteen, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.
14. For answer to paragraph fourteen, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.
15. For answer to paragraph fifteen, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.
16. For answer to paragraph sixteen, Defendant CITY OF BREA admits employment capacity but denies the remainder of the allegations in said paragraph.
17. For answer to paragraph seventeen, Defendants admit RICHARD WILDMAN was acting within the course and scope of his duties as an officer with the Brea Police Department,



but deny the remainder of the allegations in said paragraph.

18. For answer to paragraph eighteen, Defendants admit JOSEPH MIRAGLIA was acting within the course and scope of his duties as an officer with the Brea Police Department, but deny the remainder of the allegations in said paragraph.

19. For answer to paragraph nineteen, Defendants admit CONNOR SPENCER was acting within the course and scope of his duties as an officer with the Brea Police Department, but deny the remainder of the allegations in said paragraph.

20. For answer to paragraph twenty, Defendants admit RYAN CARDENAS was acting within the course and scope of his duties as an officer with the Brea Police Department, but deny the remainder of the allegations in said paragraph.

21. For answer to paragraph twenty-one, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

22. For answer to paragraph twenty-two, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

23. For answer to paragraph twenty-three, Defendants lack sufficient information to admit or deny the allegations in said paragraph, and therefore deny same.

24. For answer to paragraph twenty-four, Defendants deny the allegation in said paragraph as phrased.

25. For answer to paragraph twenty-five, Defendants admit the allegations in said paragraph.

26. For answer to paragraph twenty-six, Defendants admit the allegations in said paragraph.

27. For answer to paragraph twenty-seven, Defendants deny the allegation in said paragraph as phrased.

28. For answer to paragraph twenty-eight, Defendants deny the allegation in said paragraph as phrased.

29. For answer to paragraph twenty-nine, Defendants reassert and incorporate their responses to paragraphs 1 through 28 above as if fully set forth below.



**DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT; JURY DEMAND**

30. For answer to paragraph thirty, Defendants deny the allegations in said paragraph as phrased.

31. For answer to paragraph thirty-one, Defendants deny the allegations in said paragraph.

32. For answer to paragraph thirty-two, Defendants deny the allegations in said paragraph.

33. For answer to paragraph thirty-three, Defendants deny the allegations in said paragraph.

34. For answer to paragraph thirty-four, Defendants deny the allegations in said paragraph.

35. For answer to paragraph thirty-five, Defendants deny the allegations in said paragraph.

36. For answer to paragraph thirty-six, Defendants deny the allegations in said paragraph.

37. For answer to paragraph thirty-seven, Defendants deny the allegations in said paragraph.

38. For answer to paragraph thirty-eight, Defendants deny the allegations in said paragraph.

39. For answer to paragraph thirty-nine, Defendants deny the allegations in said paragraph.

40. For answer to paragraph forty, Defendants deny the allegations in said paragraph

41. For answer to paragraph forty-one, Defendants deny the allegations in said paragraph.

42. For answer to paragraph forty-two, Defendants deny the allegations in said paragraph.

43. For answer to paragraph forty-three, Defendants deny the allegations in said paragraph.

44. For answer to paragraph forty-four, Defendants deny the allegations in said paragraph.

45. For answer to paragraph forty-five, Defendants deny the allegations in said paragraph.

46. For answer to paragraph forty-six, Defendants deny the allegations in said paragraph.

47. For answer to paragraph forty-seven, Defendants deny the allegations in said paragraph.

48. For answer to paragraph forty-eight, Defendants deny the allegations in said paragraph.

49. For answer to paragraph forty-nine, Defendants reassert and incorporate their responses to paragraphs 1 through 48 above as if fully set forth below.

50. For answer to paragraph fifty, Defendants admit the allegations in said paragraph.



**DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT; JURY DEMAND**

51. For answer to paragraph fifty-one, Defendants admit the allegations in said paragraph.

52. For answer to paragraph fifty-two, Defendants deny the allegations in said paragraph.

53. For answer to paragraph fifty-three, Defendants deny the allegations in said paragraph.

54. For answer to paragraph fifty-four, Defendants deny the allegations in said paragraph.

55. For answer to paragraph fifty-five, Defendants deny the allegations in said paragraph.

56. For answer to paragraph fifty-six, Defendants deny the allegations in said paragraph.

57. For answer to paragraph fifty-seven, Defendants deny the allegations in said paragraph.

58. For answer to paragraph fifty-eight, Defendants deny the allegations in said paragraph.

59. For answer to paragraph fifty-nine, Defendants deny the allegations in said paragraph.

60. For answer to paragraph sixty, For answer to paragraph thirty-four, Defendants reassert and incorporate their responses to paragraphs 1 through 59 above as if fully set forth below.

61. For answer to paragraph sixty-one, Defendants admit the allegations in said paragraph.

62. For answer to paragraph sixty-two, Defendants admit the allegations in said paragraph.

63. For answer to paragraph sixty-three, Defendants deny the allegations in said paragraph as phrased.

64. For answer to paragraph sixty-four, Defendants deny the allegations in said paragraph.

65. For answer to paragraph sixty-five, Defendants deny the allegations in said paragraph.

66. For answer to paragraph sixty-six, Defendants deny the allegations in said paragraph.

67. For answer to paragraph sixty-seven, Defendants deny the allegations in said paragraph.

68. For answer to paragraph sixty-eight, Defendants deny the allegations in said paragraph.

69. For answer to paragraph sixty-nine, Defendants deny the allegations in said paragraph.

70. For answer to paragraph seventy, Defendants deny the allegations in said paragraph.

71. For answer to paragraph seventy-one, Defendants deny the allegations in said paragraph.

72. For answer to paragraph seventy-two, Defendants deny the allegations in said paragraph.

73. For answer to paragraph seventy-three, Defendants deny the allegations in said



**DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT; JURY DEMAND**

paragraph.

74.  For answer to paragraph seventy-four, Defendants deny the allegations in said paragraph.

75.  For answer to paragraph seventy-five, For answer to paragraph thirty-four, Defendants reassert and incorporate their responses to paragraphs 1 through 74 above as if fully set forth below.

76.  For answer to paragraph seventy-six, Defendants admit the allegations in said paragraph.

77.  For answer to paragraph seventy-eight, Defendants deny the allegations in said paragraph.

78.  For answer to paragraph seventy-eight, Defendants deny the allegations in said paragraph.

79.  For answer to paragraph seventy-nine, Defendants deny the allegations in said paragraph.

80.  For answer to paragraph eighty, Defendants deny the allegations in said paragraph, including all subparts.

81.  For answer to paragraph eighty-one, Defendants deny the allegations in said paragraph.

82.  For answer to paragraph eighty-two, Defendants deny the allegations in said paragraph.

83.  For answer to paragraph eighty-three, Defendants deny the allegations in said paragraph.

84.  For answer to paragraph eighty-four, Defendants deny the allegations in said paragraph.

85.  For answer to paragraph eighty-five, Defendants deny the allegations in said paragraph.

86.  For answer to paragraph eighty-six, Defendants deny the allegations in said paragraph.

87.  For answer to paragraph eighty-seven, Defendants deny the allegations in said paragraph.

88.  For answer to paragraph eighty-eight, Defendants deny the allegations in said paragraph.

89.  For answer to paragraph eighty-nine, Defendants reassert and incorporate their



**DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT; JURY DEMAND**

responses to paragraphs 1 through 88 above as if fully set forth below.

90. For answer to paragraph ninety, Defendants admit the allegations in said paragraph.

91. For answer to paragraph ninety-one, Defendants deny the allegations in said paragraph.

92. For answer to paragraph ninety-two, Defendants deny the allegations in said paragraph.

93. For answer to paragraph ninety-three, Defendants deny the allegations in said paragraph.

94. For answer to paragraph ninety-four, Defendants deny the allegations in said paragraph.

95. For answer to paragraph ninety-five, Defendants deny the allegations in said paragraph.

96. For answer to paragraph ninety-six, Defendants deny the allegations in said paragraph.

97. For answer to paragraph ninety-seven, Defendants deny the allegations in said paragraph.

98. For answer to paragraph ninety-eight, Defendants deny the allegations in said paragraph.

99. For answer to paragraph ninety-nine, Defendants reassert and incorporate their responses to paragraphs 1 through 98 above as if fully set forth below.

100. For answer to paragraph one hundred, Defendants admit the allegations in said paragraph.

101. For answer to paragraph one hundred-one, Defendants deny the allegations in said paragraph.

102. For answer to paragraph one hundred-two, Defendants deny the allegations in said paragraph.

103. For answer to paragraph one hundred-three, Defendants deny the allegations in said paragraph.

104. For answer to paragraph one hundred-four, Defendants deny the allegations in said paragraph.

105. For answer to paragraph one hundred-five, Defendants deny the allegations in said paragraph.

106. For answer to paragraph one hundred-six, Defendants deny the allegations in said



**DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT; JURY DEMAND**

paragraph.

107. For answer to paragraph one hundred-seven, Defendants deny the allegations in said paragraph.

108. For answer to paragraph one hundred-eight, Defendants deny the allegations in said paragraph.

109. For answer to paragraph one hundred-nine, Defendants deny the allegations in said paragraph.

110. For answer to paragraph one hundred-ten, Defendants deny the allegations in said paragraph.

111. For answer to paragraph one hundred-eleven, Defendants reassert and incorporate their responses to paragraphs 1 through 110 above as if fully set forth below.

112. For answer to paragraph one hundred-twelve, Defendants admit the allegations in said paragraph.

113. For answer to paragraph one hundred-thirteen, Defendants deny the allegation in said paragraph as phrased.

114. For answer to paragraph one hundred-fourteen, Defendants deny the allegations in said paragraph, including all subparts.

115. For answer to paragraph one hundred-fifteen, Defendants deny the allegations in said paragraph.

116. For answer to paragraph one hundred-sixteen, Defendants deny the allegations in said paragraph.

117. For answer to paragraph one hundred-seventeen, Defendants deny the allegations in said paragraph.

118. For answer to paragraph one hundred-eighteen, Defendants deny the allegations in said paragraph.

119. For answer to paragraph one hundred-nineteen, Defendants deny the allegations in said paragraph.

120. For answer to paragraph one hundred-twenty, Defendants deny the allegations in said



**DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT; JURY DEMAND**

paragraph.

121. For answer to paragraph one hundred-twenty-one, Defendants deny the allegations in said paragraph.

122. For answer to paragraph one hundred-twenty-two, Defendants deny the allegations in said paragraph.

123. For answer to paragraph one hundred-twenty-three, Defendants deny the allegations in said paragraph.

124. For answer to paragraph one hundred twenty-four, Defendants reassert and incorporate their responses to paragraphs 1 through 133 above as if fully set forth below.

125. For answer to paragraph hundred twenty-five, Defendants admit the allegations in said paragraph.

126. For answer to paragraph hundred twenty-six, Defendants deny the allegations in said paragraph.

127. For answer to paragraph hundred twenty-seven, Defendants deny the allegations in said paragraph.

128. For answer to paragraph hundred twenty-eight, Defendants deny the allegations in said paragraph.

129. For answer to paragraph hundred twenty-nine, Defendants deny the allegations in said paragraph.

130. For answer to paragraph one hundred thirty, Defendants deny the allegations in said paragraph.

131. For answer to paragraph one hundred thirty-one, Defendants deny the allegations in said paragraph.

132. For answer to paragraph one hundred thirty-two, Defendants deny the allegations in said paragraph.

133. For answer to paragraph one hundred thirty-three, Defendants deny the allegations in said paragraph.

134. For answer to paragraph one hundred thirty-four, Defendants deny the allegations in



said paragraph.

135. For answer to paragraph one hundred thirty-five, Defendants deny the allegations in said paragraph.

136. For answer to Plaintiffs' Prayer, Defendants deny the allegations therein including all subparts.

### FIRST AFFIRMATIVE DEFENSE

137. As and for a first, separate and distinct affirmative defense, these answering Defendants allege that the First Amended Complaint fails to state a cause of action against any of these Defendants.

### SECOND AFFIRMATIVE DEFENSE

138. As and for a second, separate and distinct affirmative defense, these answering Defendants allege that any City of Brea employees referred to in the First Amended Complaint as such were, and are now duly qualified, appointed and acting officers of the Police Department and peace officers of the State of California, and that at all times herein mentioned, said employees were engaged in the performance of their regularly assigned duties as police officers.

### THIRD AFFIRMATIVE DEFENSE

139. As and for a third, separate and distinct affirmative defense, these answering Defendants allege that the City of Brea and any of its employees referred to in the Complaint, at all times herein relevant, acted in good faith, without malice, and within the scope of their duties as police officers and other officials for the City of Brea and as peace officers for the State of California.

### FOURTH AFFIRMATIVE DEFENSE

140. As and for a fourth, separate and distinct affirmative defense, these answering Defendants allege that any injuries to Plaintiffs were due to and caused by the negligence and omissions of Plaintiffs and Plaintiffs' decedent to care for himself, which carelessness, negligence and omissions were the proximate cause of the damage, if any, to the Plaintiffs and their decedent.



## FIFTH AFFIRMATIVE DEFENSE

141. As and for a fifth, separate and distinct affirmative defense, these answering Defendants allege that any injury or damage suffered by Plaintiffs was caused solely by reason of Plaintiffs' and Plaintiffs' decedent's wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge the duty of his office, and not by reason of any unlawful acts or omissions by these Defendants.

## SIXTH AFFIRMATIVE DEFENSE

142. As and for a sixth, separate and distinct affirmative defense, these answering Defendants allege that the actions of these Defendants were reasonable, proper, and legal.

## SEVENTH AFFIRMATIVE DEFENSE

143. As and for a seventh, separate and distinct affirmative defense, these answering Defendants allege that a public employee is not liable for his act or omission, exercising due care in the enforcement of any law.

## EIGHTH AFFIRMATIVE DEFENSE

144. As and for an eighth, separate and distinct affirmative defense, these answering Defendants allege that a public employee is not liable for any injury caused by the act of omission of another person.

## NINTH AFFIRMATIVE DEFENSE

145. As and for a ninth, separate and distinct affirmative defense, these answering Defendants allege that a public employee is not liable for an injury resulting from his act of omission where the act or omission was the result of the exercise of the discretion vested in him.

## TENTH AFFIRMATIVE DEFENSE

146. As and for a tenth, separate and distinct affirmative defense, these answering Defendants allege that to the extent that Plaintiffs suffered any detriment, such detriment was caused or contributed to by the negligence of Plaintiffs and Plaintiffs' decedent.

## ELEVENTH AFFIRMATIVE DEFENSE

147. As and for an eleventh, separate and distinct affirmative defense, these answering



Defendants allege that to the extent that Plaintiffs suffered any detriment, such detriment was voluntarily consented to by the Plaintiffs and Plaintiffs' decedent.

TWELFTH AFFIRMATIVE DEFENSE

148. As and for a twelfth, separate and distinct affirmative defense, these answering Defendants allege that to the extent that Plaintiffs suffered any detriment, the risk of such detriment was assumed by Plaintiffs and Plaintiffs' decedent.

THIRTEENTH AFFIRMATIVE DEFENSE

149. As and for a thirteenth, separate and distinct affirmative defense, these answering Defendants allege that Plaintiffs did not suffer any detriment or damage in any amount whatsoever or at all.

FOURTEENTH AFFIRMATIVE DEFENSE

150. As and for a fourteenth, separate and distinct affirmative defense, these answering Defendants allege that the to the extent that Plaintiffs or Plaintiffs' decedent suffered any detriment, such was unavoidable.

FIFTEENTH AFFIRMATIVE DEFENSE

151. As and for a fifteenth, separate and distinct affirmative defense, these answering Defendants allege that if it should be found that these answering Defendants are in any manner legally responsible for the damages, if any, sustained by Plaintiffs, which these Defendants specifically deny, then such damages were proximately caused or contributed to by other parties, whether plaintiffs, defendants, cross-complainants, cross-defendants, or otherwise, in this case, whether served or not served, and by other persons or entities not presently parties to this action, and it is necessary that the proportionate degree of negligence or fault of each and every said person or entity be determined an prorated and that any judgment which might be rendered against these answering Defendants be reduced not only by the total of that degree of negligence or fault found to exist as to other persons or entities.

SIXTEENTH AFFIRMATIVE DEFENSE

152. As and for a sixteenth, separate and distinct affirmative defense, these answering Defendants allege that Plaintiffs have failed to comply with applicable sections of the



**DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT; JURY DEMAND**

California *Government Code* relating to claims and actions against public entities and public employees.

### SEVENTEENTH AFFIRMATIVE DEFENSE

153. As and for a seventeenth, separate and distinct affirmative defense, these answering Defendants allege that public employees are immune from liability for acts undertaken in an official capacity, in good faith and in accordance with clearly established law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

154. As and for an eighteenth, separate and distinct affirmative defense, these answering Defendants allege that neither a public entity nor a public employee is liable for any injury caused by a person attempting to escape or resist arrest.

### NINETEENTH AFFIRMATIVE DEFENSE

155. As and for a nineteenth, separate and distinct affirmative defense, these answering Defendants allege that the force, if any, used upon Plaintiffs' decedent was reasonable and necessary under the circumstances, and that the injuries or damages allegedly suffered by Plaintiffs were due to and caused by reason of Plaintiffs' and Plaintiffs' decedent's unlawful acts and conduct.

### TWENTIETH AFFIRMATIVE DEFENSE

156. As and for a twentieth, separate and distinct affirmative defense, these answering Defendants allege that if any force was used upon Plaintiffs' decedent, said force was caused and necessitated by the unlawful acts of the Plaintiffs and Plaintiffs' decedent and was necessary and reasonable to protect the Defendants and others.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

157. As and for a twenty-first, separate and distinct affirmative defense, these answering Defendants allege that these Defendants had reasonable cause to believe that a public offense was being committed in their presence and that Plaintiffs' decedent had committed that and other public offenses.

/ / /

/ / /



**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; JURY DEMAND**

### TWENTY-SECOND AFFIRMATIVE DEFENSE

158.  As and for a twenty-second, separate and distinct affirmative defense, these answering Defendants allege that Defendants are not liable for a reasonable, but mistaken belief.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

159.  As and for a twenty-third, separate and distinct affirmative defense, these answering Defendants allege that Defendants owed no statutory, constitutional or other duty to Plaintiffs or Plaintiffs' decedent and that no special relationship existed with these Defendants.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

160.  As and for a twenty-fourth, separate and distinct affirmative defense, these answering Defendants allege that the actions of these Defendants were lawful and proper and that probable cause existed for the arrest and/or detention of the Plaintiffs' decedent.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

161.  As and for a twenty-fifth, separate and distinct affirmative defense, these answering Defendants allege that the City of Brea employees had probable cause to stop, detain and investigate the Plaintiffs' decedent and to use such force as was necessary to accomplish their lawful purpose in being in all respects, reasonable, proper, necessary and legal.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

162.  As and for a twenty-sixth, separate and distinct affirmative defense, these answering Defendants allege that it had no duty to administer medical aid or assistance to Plaintiffs' decedent and, to the extent that any such duty existed, Defendants acted reasonably and without gross negligence or deliberate indifference.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

163.  As and for a twenty-seventh, separate and distinct affirmative defense, these answering Defendants allege that these Plaintiffs have no standing to bring this action and that they have failed to comply with the provisions of *California Code of Civil Procedure* § 377 et seq.

**DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT; JURY DEMAND**



## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

164. As and for a twenty-eighth, separate and distinct affirmative defense, these answering Defendants allege that the City of Brea has and had no custom, policy or practice of violating the civil rights of any individual(s).

## TWENTY-NINTH AFFIRMATIVE DEFENSE

165. As and for a twenty-ninth, separate and distinct affirmative defense, these answering Defendants allege that its employees were adequately trained, hired and retained as peace officers for the City of Brea.

## THIRTIETH AFFIRMATIVE DEFENSE

166. As and for a thirtieth, separate and distinct affirmative defense, these answering Defendants allege that medical care was promptly summoned and provided to decedent.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

167. As and for a thirty-first, separate and distinct affirmative defense, these answering Defendants allege that Plaintiffs have no standing to bring any claims for emotional distress.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

168. As and for a thirty-second, separate and distinct affirmative defense, these answering Defendants allege that punitive damages may not be asserted against a public entity.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

169. As and for a thirty-third, separate and distinct affirmative defense, these answering Defendants allege that the alleged emotional distress suffered by Plaintiffs, if at all, was not reasonably foreseeable and was not the result of any extreme or outrageous conduct by any of these Defendants.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

170. As and for a thirty-fourth, separate and distinct affirmative defense, these answering Defendants allege that Defendants are entitled to all other applicable immunities provided by state and federal law not specifically set forth herein and specifically reserve the right to add to or amend this Answer prior to the date of the Pre-Trial Conference in order to



conform the pleadings to established evidence.

WHEREFORE, these Defendants pray for judgment against the Plaintiffs herein as follows:

1. That the within First Amended Complaint be dismissed with prejudice;

2. That the Plaintiffs take nothing by way of this Complaint;

3. For attorneys' fees pursuant to 42 U.S.C. § 1988 and Code of Civil Procedure, §§ 1021.7 and 1038;

4. For costs of suit incurred herein; and

5. For such other relief as this Court may deem just and proper

DATED: January 23, 2026                    JONES MAYER

                                           By: _____
                                               Bruce D. Praet,
                                               Attorneys for DEFENDANTS

**DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT; JURY DEMAND**



**DEMAND FOR JURY TRIAL**

Defendants, CITY OF BREA, RICHARD WILDMAN, JOSEPH MIRAGLIA, CONNOR SPENCER and RYAN CARDENAS hereby demand a trial by jury in the above-referenced matter.

DATED: January 23, 2026              JONES MAYER

By: _____
    Bruce D. Praet,
    Attorneys for EFENDANTS

**DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT; JURY DEMAND**



# PROOF OF SERVICE

**STATE OF CALIFORNIA; COUNTY OF ORANGE.**

I, Dawn Burneff, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action.  My business address is 3777 North Harbor Boulevard, Fullerton, California 92705-7101.

On January 26, 2026, **I SERVED THE FOREGOING: DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; JURY DEMAND**

on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| LAW OFFICES OF DALE GALIPO<br>Dale K. Galipo, Esq.<br>dalekgalipo@yahoo.com<br>Marcel F. Sincich, Esq.<br>msincich@galipolaw.com<br>21800 Burbank Boulevard, Suite310<br>Woodland Hills, CA 91367<br>T: (818) 347-3333<br>Fax: (818) 347-4118 | *Attorneys for Plaintiffs* |

_____ (By Mail)  I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

_____ (By email)  I caused such document to be transmitted via email to the individuals listed above.

__XXX__     (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

XXX   (Federal)  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **January 26, 2026**, at Fullerton, California.

*Dawn Burneff*
Dawn Burneff
dmb@jones-mayer.com

- 18 -

**DEFENDANTS' ANSWER TO PLAINTIFFS'
FIRST AMENDED COMPLAINT; JURY DEMAND**

