**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*,
Ali Mohammadinia, Arya Nia,
Rose Nia and Khatareh Houshmandian

Bruce D. Praet, SBN 119430
**JONES MAYER**
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448
bpraet@aol.com

*Attorney for Defendants*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ALI MOHAMMADINIA; ARYA NIA; ROSE NIA; and KHATAREH HOUSHMANDIAN; each individually and on behalf of decedent MOHAMMAD MOHAMMADI NIA,

Plaintiffs,

v.

CITY OF BREA; RICHARD WILDMAN; JOSEPH MIRAGLIA; CONNOR SPENCER; RYAN CARDENAS; and DOES 1-10, inclusive,

Defendants.

Case No. 8:25-cv-02361-MRA-KES

**JOINT RULE 26(f) REPORT**

**Scheduling Conference:**
Date: April 14, 2026
Time: 11:00 AM
Location: Courtroom 9B
411 W. Fourth Street,
Santa Ana, CA 92701

**Complaint Filed**: October 17, 2025
**FAC Filed**: January 2, 2026
**Answer to FAC Filed**: January 26, 2026
**(Proposed) Final Pretrial Conference**: 2027

1

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and this Court's Order Setting Scheduling Conference (Doc. 14 and 17), the early meeting of counsel has been conducted between counsel for Plaintiffs ALI MOHAMMADINIA, ARYA NIA, ROSE NIA, and KHATAREH HOUSHMANDIAN, each individually and on behalf of Decedent MOHAMMAD MOHAMMADI NIA, and counsel for Defendants CITY OF BREA, RICHARD WILDMAN, JOSEPH MIRAGLIA, CONNOR SPENCER, and RYAN CARDENAS (collectively called the Parties). The Parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The parties, through their counsel, respectfully submit the following Joint Rule 26(f) Report.

**1.    Joint Statement of the Case:**

**(a)    Short Synopsis of Plaintiffs' Claims for Relief:**

This civil rights and state tort action arises out of the November 28, 2024, excessive and unreasonable officer-involved shooting of Decedent Mohammad Mohammadi Nia, by Defendants City of Brea police officers Richard Wildman, Joseph Miraglia, Connor Spencer, and Ryan Cardenas. At approximately 4:42 p.m., Decedent was confronted by the Defendant Officers in multiple vehicles when Decedent was found in his vehicle stopped on the side of the road. Plaintiffs contend that the Defendant Officers did not have reasonable suspicion to believe Decedent had committed or was about to commit a serious or violent crime and did not have reasonable suspicion to believe that Decedent was an armed threat to the Officer or any other person. Nevertheless, the Defendant Officers escalated the situation when they approached Decedent's vehicle aggressively, pulling on and/or opening Decedent's doors, and then unreasonably using their patrol vehicles to box/pin in Decedent's vehicle, breaking Decedent's window, and using excessive and unreasonable force on Decedent. Then Officer Miraglia Tased

Decedent, Officer Spencer Tased Decedent, Officer Cardenas deployed the 40mm launcher against Decedent, and Sergeant Wildman Tased Decedent and then used his firearm and repeatedly shot Decedent. Plaintiffs further contend that Defendants had no information that Decedent never harmed any person and never verbally threatened any person and was not an immediate threat of death or serious bodily injury.

As a result of these allegations, Plaintiffs bring causes of action under 42 U.S.C. §1983 against the Defendant Officers for Excessive Force and Interference with Familial Relationship, and brings causes of action under 42 U.S.C. §1983 against the City for Failure to Train, and Unconstitutional Custom, Practice or Policy. Plaintiffs also bring causes of action under state law including Battery, Negligence, and violation of the Bane Act.

**(b)     Short Synopsis of Defendants' Affirmative Defenses:**

Defendants deny all claims and, as clearly depicted in BWC video, multiple attempts to contain decedent through verbal de-escalation, less-than-lethal Taser applications and 40mm soft projectiles failed to subdue decedent as he refused to comply with multiple commands.  Decedent than accelerated his large SUV with spinning tires to push a marked police vehicle (in Park) across several lanes of busy traffic.  With a substantial risk of serious injury or death to many Thanksgiving travelers if the highly intoxicated/under the influence decedent was unable to be contained by all reasonable less-than-lethal attempts, officers were forced to resort to lethal force to end his violent and reckless rampage in public.

**2.     Subject Matter Jurisdiction:**

The Court has jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. §1983 and the Fourth Amendment of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a),

3

because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

**3.    Legal Issues:**

1.    Whether the Defendant Officers used excessive and/or unreasonable force against Decedent.

2.    Whether the Defendant Officers interfered with Plaintiffs' familial relationship with Decedent.

3.    Whether the Defendant City failed to adequately train its officers.

4.    Whether any policy or custom of the Defendant City was the moving force resulting in a violation of the Decedent's rights.

5.    Whether Defendant Officers were negligent toward Decedent.

6.    Whether the Decedent's rights under California's Bane Act (Cal. Civ. Code §52.1) were violated by the Defendants.

7.    The nature and extent of Plaintiffs' and Decedent's damages.

8.    Whether Plaintiffs are entitled to punitive damages.

9.    Whether and to what extent decedent contributed to his own injuries or death.

10.    Whether individual officers are entitled to qualified immunity.

**4.    Parties, Evidence, etc.:**

*Parties*: The parties are Plaintiffs ALI MOHAMMADINIA, ARYA NIA, ROSE NIA, and KHATAREH HOUSHMANDIAN, each individually and on behalf of Decedent MOHAMMAD MOHAMMADI NIA; and Defendants CITY OF BREA, RICHARD WILDMAN, JOSEPH MIRAGLIA, CONNOR SPENCER, and RYAN CARDENAS.

*Witnesses*: The parties understand that besides the Defendant Officers, there were several percipient witnesses from occupants in nearby vehicles. The percipient witnesses also may include investigators and medical personnel who treated Decedent. Additional non-percipient witnesses may include expert

witnesses and witnesses to Plaintiffs' damages. Given that discovery has not yet been completed, the parties have not yet identified all witnesses.

*Key Documents*: The key documents include City records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic evidence. Additional documents may include City training policies and records; relevant portions of diagrams, evidence collected, and analysis thereof, related to the incident; relevant photographs of the scene, involved officers, evidence collected, medical records and injuries suffered by Decedent related to this matter; Defendants' policies, procedures, and training documents; depositions of the parties and witnesses; and responses to written discovery.

**5.     Damages:**

Plaintiffs claim compensatory damages, according to proof at trial. Plaintiffs seek punitive and exemplary damages against the individual Defendant Officers only. Plaintiffs also seek attorney's fees pursuant to 42 U.S.C. §1988, costs and interests incurred.

Plaintiffs believe a realistic range of damages cannot be ascertained at this time without expert evaluation and opinion. However, based on the Plaintiffs' life-long loss of Decedent and Decedent's pre-death pain and suffering and loss of life, a reasonable jury could award in excess of $10,000,000 in this matter.

**6.     Insurance:**

The City of Brea is a self-insured member of a risk pool.

**7.     Motions:**

**(a)     Procedural Motions:**

After review of the discovery material, Plaintiffs will be able to determine whether it is necessary to name any Doe Defendants and whether there were any other violations of Plaintiffs' or Decedent's rights by Defendants. Depending on that review, Plaintiffs anticipate amending the pleadings to name of DOE

defendants, including any additional allegations if the documents produced during discovery by Defendants reveal that other officers, official, and/or individual were integral participants in, failed to intervene in, or were somehow otherwise responsible for the violation of constitutional and state law rights.

Aside from the above, the Parties do not anticipate bringing any motions to amend the pleadings, add parties or claims or transfer venue.

The parties intend to file motions *in limine* in this matter including potential *Daubert* motions and other pretrial motions as may be necessary.

**(b)     Dispositive Motions:**

The parties have discussed potential motions and proposed the motion dates set forth in the attached schedule.  Given that the incident was captured on BWC video, Defendants anticipate a motion for summary judgment on most, if not all, issues.

Plaintiffs would oppose any dispositive motion.

**(c)     Class Action Motion: Not Applicable.**

**8.     Manual for Complex Litigation:**

The Parties agree that this is not a complex case and is therefore not subject to the Manuel for Complex Litigation.

**9.     Discovery:**

**(a)     Status of Discovery:**

Pursuant to Rule 26(f), the Parties have conducted conference of counsel, discussed timing of initial disclosures and a mutually agreed upon discovery plan. No formal discovery has taken place at this time. Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(c), the parties will exchange initial disclosures on May 22, 2026.

**(b)     Discovery Plan:**

FRCP 26(f)(3)(A): The parties do not anticipate deviating from the requirements FRCP 26(a) and initial disclosures shall be filed forthwith.

FRCP 26(f)(3)(B):

Plaintiffs anticipate serving discovery regarding the City records regarding the incident and taking the depositions of officers who were present during the incident. Plaintiffs may also seek to depose experts and the persons most knowledgeable of City training, policies and procedures and the investigation into this incident. Further, Plaintiffs plan to retain several experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Plaintiffs anticipate serving written interrogatories, requests for admission, and requests for production of documents.

Defendants anticipate written discovery and depositions of all Plaintiffs and experts as well as some percipient eyewitnesses.

**(c)    Discovery Cut-Off:**

The Parties proposed discovery cut-off governing completion of all fact discovery, including resolution of all discovery motions: 01/19/2027.

**(d)    Expert Discovery:**

The Parties have discussed expert discovery and propose the following exchange dates:

Initial Expert Disclosure on 2/09/2027;

Rebuttal Expert Disclosure on 03/09/2027; and

Expert Discovery Cut-off of 03/30/2027.

**10.    Settlement/Alternative Dispute Resolution (ADR):**

The parties have not engaged in settlement discussions. The Parties are agreeable to participating in private mediation with Richard Copeland or another agreeable private mediator.

Plaintiffs are willing to engage in early mediation.

**11.    Trial:**

**(a)    Trial Estimate:**

The Parties believe that this case can be tried in seven to ten days, including

7

*voir dire*, opening statements, closing arguments, and time reasonably anticipated that will be spent on discussions regarding jury instructions and verdict forms outside the presence of the jury.

Plaintiffs contemplate calling approximately twelve (10) to twelve (12) witnesses for liability and damages.

Given the unusually high number of involved officers and civilian witnesses, Defendants may need to call an additional 5-7 witnesses as well as designated expert witnesses and non-retained experts (autopsy/toxicology).

**(b)    Jury or Court Trial:**

This matter will be trial by jury.

**(c)    Consent to a Magistrate Judge:**

The parties do not consent to having a magistrate judge preside over this matter at this time.

**(d)    Trial Counsel:**

Dale K. Galipo (Lead) and Marcel F. Sincich, of the Law Offices of Dale K. Galipo, will try this case for Plaintiffs.

Bruce D. Praet, of Jones-Mayer will be lead trial counsel for Defendants.

**12.    Independent Expert:**

This is not a case that requires appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

**13.    Other Issues:**

The Parties do not anticipate any issues regarding disclosure, discovery and preservation of electronically stored information.

The Parties do not anticipate any issues about claims for privilege or of protection as trial-preparation materials. However, the Parties have agreed to submit a stipulation requesting a Protective Order concerning documents that the parties contend are confidial.

JOINT RULE 269(F) REPORT

Respectfully submitted,

DATED: April 22, 2026       **LAW OFFICE OF DALE K. GALIPO**

By: _/s/_      _Marcel F. Sincich_
          Dale K. Galipo
          Marcel F. Sincich
          *Attorneys for Plaintiffs*


DATED: April 22, 2026       **JONES MAYER**

By: _/s/_      _Bruce D. Praet_
          Bruce D. Praet
          *Attorneys for Defendants*

JOINT RULE 269(F) REPORT