**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Marcel F. Sincich, Esq. (SBN 319508)
msincich@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ALI MOHAMMADINIA, ARYA NIA; ROSE NIA; and KHATAREH HOUSHMANDIAN, each individually and on behalf of decedent, MOHAMMAD MOHAMMADINIA,

Plaintiffs,

vs.

CITY OF BREA; RICHARD WILDMAN; JOSEPH MIRAGLIA; CONNOR SPENCER; RYAN CARDENAS, and DOES 1-10, inclusive,

Defendants.

Case No.: 8:25-cv-02361-MRA-KES

[*Honorable Monica Ramirez Almadani*]
Magistrate Judge *Karen E. Scott*

**PLAINTIFFS' LETTER BRIEF RE. DISCOVERY DISPUTE**

**DISCOVERY MATTER**

## I. Introduction & Factual Background

Defendants seek privileged and inadmissible information unknown from 10 years of pre- incident records—outside the scope of discovery pursuant to Rule 26 and therefore not discoverable—Decedent's unrelated Psychological, Medical, and Substance Abuse/Rehabilitation records/history. This civil rights action arises out of the unreasonable officer-involved shooting of Decedent Mohammadinia by Defendants. Officers found Decedent in his vehicle stopped on the side of the road without suspicion of any serious or violent crime. Still, Officers escalated the situation, opened his door, boxed-in his vehicle with patrol vehicles, broke his window, and then repeatedly Tased and deployed the 40mm launcher against Decedent. Decedent attempted to drive away by pushing the unoccupied patrol vehicle backwards. Once the vehicle stopped, Sergeant Wildman ran up and repeatedly shot Decedent dead without warning.

Plaintiffs bring claims for excessive force, denial of familial relationships, *Monell*, battery, negligence, and violation of the Bane Act. Plaintiffs seek survival damages for Decedent's pre-death pain and suffering and loss of life, and wrongful death damages including for loss of his love and companionship. Fundamentally, discovery must be relevant and proportional to the needs of the case, and Rule 26(b)(1) specifically excludes discovery or privileged information. *See Jaffee v. Redmond*, 518 U.S. 1, 10 (1996); *Olesko v. State Comp. Ins. Fund*, 243 F3d 1154, 1159 (9th Cir. 2001); Fed. R. Evid. 501. The Courts should not condone Defendants' use of discovery to engage in "fishing expeditions" of unrelated and privileged records, knowing it is information unknown and inadmissible. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004).

## II. Information Unknown is Outside the Scope of Rule 26 Discovery

The central issue in this case is whether the force used against Decedent by Defendants was unreasonable. An officer cannot justify using deadly force with after-acquired information. *See Graham v. Connor*, 490 U.S. 386, 396 (1989);

*Tennessee v. Garner*, 471 U.S. 1, 26 (1985); *Glenn v. Washington Cnty.*, 673 F.3d 864, 873 (9th Cir. 2011). Given the great weight of Supreme Court and Ninth Circuit authority on this issue, the sought discovery is irrelevant, unduly prejudicial, harassing and impermissible character evidence. FRE 401-404.

Ten years of unrelated pre-incident records are also irrelevant to damages, not discoverable, overbroad, and vague and ambiguous because they are ultimately a fishing expedition for character evidence. Nevertheless, Defendants' requests remain harassing, oppressive, unduly prejudicial, cause unnecessary expenditure of resources, and are not proportional to the needs of the case. Fed. Rule Evid. 403; Fed. R. Civ. Pro. 26(b); *see*, *e.g.*, *Schagene v. Mabus*, 704 Fed. Appx. 671, 673 (9th Cir. 2017) (trial court had discretion to determine that impeachment evidence of the plaintiff's mental health conditions and treatment, which occurred long before the incidents at issue, was irrelevant and unfairly prejudicial); *Estate of Diaz v. City of Anaheim*, 840 F.3d 592 (9th Cir. 2016); *Wilson v. Union Pacific R. Co.*, 56 F.3d 1226, 1231 (10th Cir. 1995) ("Evidence of a conviction for drug possession alone...can be highly prejudicial and arouse jury sentiment against a party-witness"); *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1060-61 (N.D. Ill. 2009) (whether plaintiff smoked a marijuana before the incident is no more probative than whether the officers drank coffee before the incident; such unrelated facts would merely divert the jury from the relevant inquiry). There is no justification for requesting pre-incident medical records. Decedent's condition had nothing to do with whether Officers should have shot him dead and had nothing to do with his cause of death, gunshot wounds to the torso—homicide. Filing a civil rights lawsuit does not open the door to the assailants violating plaintiff's privacy or using discovery to intimidate plaintiffs who are grieving the loss of a loved one.

**III. Mental Health and Substance Abuse Records are Privileged**

For mental health and substance abuse records, relevance is irrelevant because privilege controls. Courts may not balance privilege away short of waiver

by its holder. The Supreme Court formally recognized the psychotherapist-patient privilege, specifically holding that these sought records "are protected from compelled disclosure." *Jaffee v. Redmond*, 518 U.S. 1, 5 (1996). It strains credulity that Defendants' simple statement of potential relevance justifies the release of every unrelated record so that Defendants can fish for a pre-existing injury that has nothing to do with this matter. *See Rosa v. City of Seaside*, No. C05-03577 JF (HRL), 2009 WL 2252070, at *2 (N.D. Cal. July 28, 2009) (defendants cannot show a "critical need" for this information). Any emotional damage related to this matter is "garden-variety" at most. *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Cal. 2003); *Roberts v. Clark Cnty. Sch. Dist*., 312 F.R.D. 594, 607 (D. Nev. 2016). Defendants cannot manufacture waivers. *See Awalt v. Marketti*, 287 F.R.D. 409, 418-19 (N.D. Ill. 2012). Decedent's privileges are not waived here.

Substance abuse is not just categorically privileged psychotherapist-patient records, it is specifically more protected by a dedicated federal confidentiality statute, 42 U.S.C. §290dd-2, and its regulations at 42 C.F.R. Part 2. The purpose of the regulations is to impose restrictions upon the disclosure and use of substance use disorder records. 42 C.F.R. § 2.2(a). The regulations prohibit disclosure and use of patient records. *Id.* at §2.2(b). Violation of the provisions in these regulations can be penalized criminally. *Id.* at §2.3. "Patient records" is defined broadly – extending even to disclosure of any information identifying a patient as being or having been diagnosed with a substance use disorder or having been referred for treatment. *Id.* at §§2.11, 2.12. No exception to this regulation is present here, no consent to disclosure has been provided. Thus, reference to such information is privileged and not discoverable in this matter.

## IV. Conclusion

Decedent's unrelated medical, mental health and potential substance use records are privileged and/or outside of the scope of discovery thus not discoverable.

Respectfully Submitted,

Dated: October 7, 2026

**LAW OFFICE OF DALE K. GALIPO**

By /s/ *Marcel F. Sincich*

Dale K. Galipo

Marcel F. Sincich

*Attorneys for Plaintiffs*