Bruce D. Praet, SBN 119430
**JONES MAYER**
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448
bpraet@aol.com

Attorney for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALI MOHAMMADINIA; ARYA NIA; ROSE NIA, and KHATAREH HOUSHMANDIAN; each individually and on behalf of decedent MOHAMMAD MOHAMMADI NIA,

Plaintiffs,

v.

CITY OF BREA ; RICHARD WILDMAN; JOSEPH MIRAGLIA; CONNOR SPENCER; RYAN CARDENAS; and Does 1 through 10, Inclusive,

Defendants.

Case No: 8:25-cv-02361-MRA-KES

*Assigned for all Purposes to: The Honorable: Mónica Ramirez Almadani/Magistrate: Karen E. Scott*

*Courtroom: 9B*

**DEFENDANTS' LETTER BRIEF RE: INFORMAL DISCOVERY CONFERENCE ON OCTOBER 8, 2026**

First Amended Complaint
Filed: January 2, 2026

JONES MAYER
LAW

www.jones-mayer.com

October 7, 2026

Hon. Karen E. Scott
U.S. Magistrate Judge

Re: *Mohammadinia v. Brea,* USDC Case No. 8:25-cv-02361 MRA KES
Defendants' Letter Brief re: IDC on October 8, 2026

Hon. Judge Scott:

Although counsel for the respective parties have enjoyed an extraordinary professional relationship and spirit of cooperation over the years, the occasional issue arises which requires the Court's guidance. Despite several telephonic efforts to informally resolve this latest discovery dispute and Defendants' meet and confer letter to counsel on August 28, 2026, the issue remains unresolved. The dispute centers around Plaintiffs' objections and refusal to provide interrogatory and production responses seeking decedent's medical, psychiatric and drug/alcohol related history as set forth below.

Factual Summary of the Case.

Plaintiffs' complaint arises from the fatal officer-involved shooting of Mohammad Mohammadinia by Brea police officers on November 28, 2024, as decedent violently drove his large SUV into several police vehicles after de-escalation and other less-than-lethal efforts including Tasers and 40mm launchers failed to gain his compliance with lawful orders. Toxicology results reveal that decedent was under the influence of methamphetamine and THC at the time of this incident with a criminal history including evading a peace officer, resisting arrest and assault with a deadly weapon (many cases resolved by decedent being deemed "mentally incompetent"). Based on police reports from other agencies, it is also known that decedent had been previously lodged 5150 for psychiatric evaluation and Plaintiffs' own discovery responses confirm that he was once transferred to Atascadero State Hospital (i.e. psychiatric facility for criminal offenders) in February, 2021.

Disputed Discovery Requests

Defendants served the following written discovery requests which are now in dispute:

**INTERROGATORY NO. 11:**

Please identify any awareness you had that Mohammad Mohammadinia was experiencing any sort of mental illness or psychiatric problems, including any suicidal ideation, in the five (5) years preceding his death, including the nature of such issues and any treatment he may have sought or received.

Northern California
6349 Auburn Blvd.
Citrus Heights, CA 95621
(916) 771-0635

Southern California
3777 N. Harbor Blvd.
Fullerton, CA 92835
(714) 446-1400

**INTERROGATORY NO. 12:**

Please identify each and every medication and/or drug Mohammad Mohammadinia was prescribed to be taking as of November 28, 2024, and the condition for which each was prescribed.

**INTERROGATORY NO. 17:**

Please describe in complete detail any and all physical and/or medical issues including, but not limited to impaired vision, impaired hearing or other limitations existing or diagnosed during the five (5) year period prior to his death and, for each, identify any restrictions and formal diagnosis.

**REQUEST FOR PRODUCTION NO. 7:**

Please provide any and all medical and psychiatric treatment records pertaining to Mohammad Mohammadinia for a period of ten (10) years prior to his death.

While Defendants will allow Plaintiffs to set forth their objections to these requests, they essentially boil down to HIPAA, right to privacy and doctor/patient privileges. Defendants, on the other hand, maintain that all of these records are subject to discovery (perhaps subject to a stipulated protective order) as they relate directly to (1) decedent's (mental and physical) health prior to and at the time of this incident, (2) these records are also highly relevant to decedent's life expectancy, (3) his relationship or lack thereof with others, (4) the level of drugs in the toxicology results, and (5) decedent's ability to understand and/or comply with orders. While there are other reasons this information is discoverable, all privileges and objections are waived or outweighed by decedent's mental and physical health being placed squarely at issue. *Martinez v. City of Pittsburg, 2018 U.S. Dist. LEXIS 99397, *7-11 (N.D. Cal. 2018)* Cf. *Boyd v. San Francisco, 2006 U.S. Dist. LEXIS 34576 (N.D. Cal. 2006)* The Court in *Martinez* further noted that decedent's criminal history is relevant.

The Central District has similarly held in *Peck v. Cnty. of Orange, 2020 U.S. Dist. LEXIS 138505, * 7 (C.D. Cal. 2020)* by noting that privacy rights are personal to the decedent and do not survive his death. The Court went on to deem decedent's mental and medical records discoverable in a wrongful death case such as this on issues including decedent's mental and physical health at the time as well as his life expectancy, citing *Nehad v. Browder, 2016 U.S. Dist. LEXIS 49252, 2016 WL 1428069, at *2-3 (S.D. Cal. 2016)*

Given the broad and liberal application of F.R.Civ.P., Rule 26 and the aforementioned authorities, it is respectfully requested that the Court order Plaintiffs to exercise diligence in

obtaining and producing all information and documentation related to decedent's medical, psychiatric and drug/alcohol history. As noted, Defendants are amenable to a stipulated protective order if requested by Plaintiffs.

Cordially,

Bruce D. Praet
Attorneys for Defendants

BDP/dmb