Bruce D. Praet, SBN 119430
**JONES MAYER**
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone: (714) 446-1400
Facsimile: (714) 446-1448
bpraet@aol.com

Attorney for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ALI MOHAMMADINIA; ARYA NIA; ROSE NIA, and KHATAREH HOUSHMANDIAN; each individually and on behalf of decedent MOHAMMAD MOHAMMADI NIA,

Plaintiffs,

v.

CITY OF BREA; RICHARD WILDMAN; JOSEPH MIRAGLIA; CONNOR SPENCER; RYAN CARDENAS; and DOES 1-10, inclusive,

Defendants.

Case No: 8:25-cv-02361-MRA-KES

*Assigned for all Purposes to:*
*The Honorable Judge Mónica Ramirez Almadani*
*Magistrate Judge Karen E. Scott*

*Courtroom: 9B*

**[RESUBMITTED] FIRST STIPULATED REQUEST TO EXTEND CURRENT PRETRIAL SCHEDULE; DECLARATION OF BRUCE D. PRAET; APPENDIX A SCHEDULE OF PRETRIAL DATES WORKSHEET**

Complaint Filed: October 17, 2025
First Amended Complaint
Filed: January 2, 2026

IT IS HEREBY STIPULATED and respectfully requested by all parties through their respective counsel of record that the Court continue the current Pretrial Schedule [Doc. 21-1] by ninety (90) days. This is the first request by the parties and good cause exists for the following reasons:

1. As of July 20, 2026, all parties have timely exchanged initial disclosures,

including the production of substantial materials from each. All parties have also served and responded to a variety of written discovery including interrogatories, production requests and requests for admission.

2. Although all parties have diligently served and responded to written discovery, a dispute has arisen with regard to Plaintiff's objections to the production of decedent's medical and psychological records. The parties have availed themselves of the Informal Discovery Conference process with Magistrate Judge Scott who conducted the first informal conference on October 8, 2026. Judge Scott has scheduled another conference with the parties for October 22, 2026, to further address the issues and consider a stipulated protective order.

3. Without the disputed documents and related information, Defendants cannot complete the depositions of any of the three surviving Plaintiffs. While Plaintiffs are attempting to access these materials through a variety of providers and institutions, it is unclear how long it will take to receive the materials or, in the alternative, engage in formal discovery methods with third party providers.

4. In an effort to accommodate the current non-expert discovery cut-off date of November 17, 2026, Plaintiffs have unilaterally set the depositions of four involved Brea police officers, however, scheduling conflicts exist for at least two of the officers. Moreover, defense counsel begins a 3-4 week trial in Orange County Superior Court as of November 2, 2026, and will be unavailable for the entire month.

5. In addition to the three named Plaintiffs and four named Brea police officers, it is anticipated that no less than half a dozen civilian witnesses may be deposed as well as the forensic pathologist and other witnesses.

/ / /

/ / /

/ / /

/ / /

/ / /

In order to complete remaining discovery (including potential holiday conflicts for various witnesses), the parties respectfully request that the Court continue all remaining dates on the current schedule [Doc. 21-1] by no less than ninety (90) days as set forth in the attached Appendix A.

Dated: October 20, 2026 JONES MAYER

By: /s/ Bruce D. Praet
Bruce D. Praet, Attorneys Defendants

Dated: October 20, 2026 LAW OFFICES OF DALE K. GALIPO

By: /s/ Dale K. Galipo
Dale K. Galipo, Attorneys for Plaintiffs

I hereby certify that counsel for Plaintiffs has authorized his /s/ signature to this stipulation.

Dated: October 20, 2026 By: /s/ Bruce D. Praet
Bruce D. Praet, Attorneys Defendants

# DECLARATION OF BRUCE D. PRAET

I, Bruce D. Praet, declare and say:

1. That I am an attorney duly licensed to practice before this and all courts in the state of California and that I am counsel for Defendants in this action. Except where expressly stated to the contrary, I make this declaration from personal knowledge and would testify in conformity herewith if called as a witness.

2. The accompanying request to continue the pretrial schedule is the first such request made by the parties.

3. As of July 20, 2026, all parties have timely exchanged initial disclosures, including the production of substantial materials from each. All parties have also served and responded to a variety of written discovery including interrogatories, production requests and requests for admission.

4. Although all parties have diligently served and responded to written discovery, a dispute has arisen with regard to Plaintiff's objections to the production of decedent's medical and psychological records. The parties have availed themselves of the Informal Discovery Conference process with Magistrate Judge Scott who conducted the first informal conference on October 8, 2026. Judge Scott has scheduled another conference with the parties for October 22, 2026, to further address the issues and consider a stipulated protective order.

5. Without the disputed documents and related information, Defendants cannot complete the depositions of any of the three surviving Plaintiffs. While Plaintiffs are attempting to access these materials through a variety of providers and institutions, it is unclear how long it will take to receive the materials or, in the alternative, engage in formal discovery methods with third party providers.

6. In an effort to accommodate the current non-expert discovery cut-off date of November 17, 2026, Plaintiffs have unilaterally set the depositions of four involved Brea police officers, however, scheduling conflicts exist for at least two of the officers. Moreover, defense counsel begins a 3-4 week trial in Orange County

Superior Court as of November 2, 2026, and will be unavailable for the entire month.

7. In addition to the three named Plaintiffs and four named Brea police officers, it is anticipated that no less than half a dozen civilian witnesses may be deposed as well as the forensic pathologist and other witnesses. In order to complete remaining discovery (including potential holiday conflicts for various witnesses), the parties respectfully request that the Court continue all remaining dates on the current schedule [Doc. 21-1] by no less than ninety (90) days as set forth in the attached proposed Appendix A schedule.

8. I have met and conferred with Plaintiffs' counsel who have authorized the affixing of their /s/ signature to this stipulation.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed by me on October 20, 2026, at Fullerton, California.

/s/ Bruce D. Praet